IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROYAL BANCSHARES OF PENNSYLVANIA, INC., ROBERT TABAS, KEVIN TYLUS, EDWARD F. BRADLEY, WAYNE R. HUEY, JR., MICHAEL J. PIRACCI, MURRAY STEMPEL III, LINDA TABAS STEMPEL, GERARD M. THOMCHICK, HOWARD WURZAK, and BRYN MAWR BANK CORPORATION,<br><br>Defendants. | Case No. 17-cv-1641 |

**STIPULATION TO DISMISS ACTION AS MOOT AND RETAINING JURISDICTION TO DETERMINE PLAINTIFF'S COUNSEL'S ANTICIPATED APPLICATION FOR FEES AND EXPENSES**

**WHEREAS**, on April 11, 2017, Plaintiff Paul Parshall ("Plaintiff") filed a putative Class Action Complaint for Violation of the Securities Exchange Act of 1934 (the "Complaint") in the above-captioned action (the "Action");

**WHEREAS**, the Complaint includes claims against defendants Royal Bancshares of Pennsylvania, Inc. ("Royal Bancshares," "RBPI," or the "Company"), Robert Tabas, Kevin Tylus, Edward F. Bradley, Wayne R. Huey, Jr., Michael J. Piracci, Murray Stempel III, Linda Tabas Stempel, Gerard M. Thomchick, Howard Wurzak, and Bryn Mawr Bank Corporation ("Bryn Mawr" or "BMBC") (collectively with Royal Bancshares, the "Defendants") under Sections 14(a) and 20(a) of the Securities and Exchange Act of 1934 and Rule 14a-9 promulgated thereunder with respect to certain public disclosures made by Royal Bancshares in the registration statement filed with the United States Securities and Exchange Commission (the

"SEC") on or around March 29, 2017 (the "Registration Statement") in connection with the proposed acquisition of Royal Bancshares by Bryn Mawr (the "Proposed Transaction");

**WHEREAS**, counsel for the parties engaged in arm's-length negotiations to attempt to resolve the claims raised in the Complaint;

**WHEREAS**, on May 16, 2017, Royal Bancshares publicly filed a current report on Form 8-K with the SEC that included supplemental disclosures related to the Proposed Transaction (the "Supplemental Disclosures"), which Plaintiff believes addressed and mooted his claims regarding the sufficiency of the disclosures in the Registration Statement;

**WHEREAS**, on May 24, 2017, Royal Bancshares shareholders met and voted to approve the Proposed Transaction;

**WHEREAS**, Plaintiff asserts that the prosecution of the Action caused Royal Bancshares to include the Supplemental Disclosures and that Plaintiff's counsel have the right to seek and recover attorneys' fees and expenses in connection with a claimed common benefit provided to Royal Bancshares's shareholders as a result of the filing of the Supplemental Disclosures, and Plaintiff's counsel have informed Defendants that if their claim for fees and expenses cannot be resolved through negotiations between counsel for Plaintiff and Defendants, Plaintiff intends to file a Motion with the Court to determine the amount, if any, of such fees and expenses (the "Fee and Expense Motion");

**WHEREAS**, Defendants deny that the Supplemental Disclosures contained any additional material facts that were required to be disclosed and deny that any claim asserted in the Complaint is or was ever meritorious;

**WHEREAS**, all of the Defendants in this action reserve their right to oppose any potential Fee and Expense Motion;

**WHEREAS**, Plaintiff believes and contends that the Supplemental Disclosures mooted the claims set forth in the Complaint, and that any remaining claims are so unlikely to be successful as to warrant dismissal;

**WHEREAS**, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff or his attorneys and no promise, understanding, or agreement to give any such compensation has been made; nor have the parties had any discussions concerning the amount of any attorneys' fees and expenses;

**WHEREAS**, Plaintiff's counsel seeks to dismiss the Complaint with prejudice as to Plaintiff and without prejudice as to unnamed members of the purported class;

**WHEREAS**, the parties intend to meet and confer concerning the amount of any attorneys' fees and expenses to be paid to Plaintiff's counsel, and, if the parties are unable to reach an agreement, the parties respectfully request that this Court retain jurisdiction over the prospective Fee and Expense Application; and

**WHEREAS**, no class has been certified in this action.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED** by the undersigned parties, through their attorneys and subject to the Court's approval, that:

1. This action is dismissed pursuant to Federal Rule of Civil Procedure 41(a), and all claims asserted therein are dismissed with prejudice as to Plaintiff, individually, and without prejudice as to any actual or potential claims of any other putative class member.

2. As the dismissal is with prejudice to Plaintiff only, and without prejudice as to all other members of the putative class, notice of this dismissal is not required.

3. This Court retains jurisdiction of this action solely for the purpose of adjudicating the Fee and Expense Motion, if such a Motion should become necessary.

4. The parties shall meet and confer concerning Plaintiff's potential Fee and Expense Application. To the extent that the parties are unable to reach an agreement concerning the Fee and Expense Application, they will contact the Court to set a stipulated briefing and hearing schedule for the Fee and Expense Application. If the parties reach an agreement concerning the Fee and Expense Application, they will notify the Court.

5. This order is entered without prejudice to any position, claim, or defense any party may assert with respect to the Fee and Expense Motion or any matter related thereto, which includes the Defendants' right to challenge the basis for, as well as the amount of, the Fee and Expense Motion, if necessary.

Respectfully submitted this 27th day of September, 2017.

**PROFY PROMISLOFF & CIARLANTO, P.C.**

By: */s/ Joseph M. Profy*
Joseph M. Profy (PA Bar No. 77141)
100 N 22nd Street, Unit 105
Philadelphia, PA 19103
(215) 259-5156

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
Brian D. Long (PA Bar No. 82370)
Gina M. Serra (PA Bar No. 308207)
2 Righter Parkway, Suite 120
Wilmington, DE 19803
(302) 295-5310

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Marc J. Sonnenfeld*
Marc J. Sonnenfeld (PA Bar No. 17210)
Jason H. Wilson (PA Bar No. 208112)
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000

*Attorneys for Defendants Royal Bancshares of Pennsylvania, Inc., Robert Tabas, Kevin Tylus, Edward F. Bradley, Wayne R. Huey, Jr., Michael J. Piracci, Murray Stempel III, Linda Tabas Stempel, Gerard M. Thomchick, and Howard Wurzak*

**REED SMITH LLP**

By: */s/ Roy W. Arnold*
Roy W. Arnold (PA Bar No. 70544)
225 Fifth Avenue
Pittsburgh, Pennsylvania 15222
(412) 288-3131

*Attorneys for Defendant Bryn Mawr Bank Corporation*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

United States District Judge

DATED: 9/27, 2017